# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LIVE NATION MERCHANDISE, INC., <br><br> Plaintiff, <br><br> v. <br><br> STANLEY G. MILLER, and others, <br><br> Defendants. | Case No. 13-cv-03936 CW (NC) <br><br> **ORDER RE: DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 53, 56, 67, 68, 73, 74, 75, 77, 79, 80, 81 |

On May 28, 2014, the Court held a hearing to address several discovery disputes presented by the parties. This order memorializes the Court's rulings at the hearing.

**1.   Privilege Dispute**

Artists contend that Live Nation has improperly withheld responsive documents on the basis of attorney-client and/or work product privilege, and move to compel the production of those documents. Dkt. Nos. 53, 73. Specifically, Artists contend that Live Nation has not met its burden of establishing attorney-client privilege for communications dated after Live Nation's assignment of the claim to Epic Rights, and after Furano's departure from Live Nation and before the assignment. Dkt. No. 73.

The Court finds that Live Nation has adequately demonstrated that (1) the communications at issue are protected by the attorney-client and work product privileges,

*see United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010); Fed. R. Civ. P. 26(b)(3)(A); (2) the attorney-client privilege extended to Furano before and after his departure from Live Nation under *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981); *see also Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1493 (9th Cir. 1989); and (3) the attorney-client privilege was not waived as a result of the joint representation of Furano and Live Nation as they have a "common interest," *see In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).

The Court further finds that Live Nation's privilege log sufficiently identifies and describes the withheld documents to enable Artists to assess the applicability of the claimed privilege. Finally, the Court finds that Live Nation is not required to log privileged communications post-dating the filing of this action.

Artists' request to compel is DENIED.

### 2. McNamee Subpoena

This Court previously stayed Live Nation's deposition and document subpoena to non-party Roger McNamee on the basis that Live Nation's assertions about McNamee's relevance seem to be refuted by McNamee's proffer about his role in this dispute and his lack of knowledge on the significant issues. Dkt. No. 57. Having reviewed McNamee's declaration and considered the further submissions and arguments by McNamee and Live Nation, the Court finds that the asserted relevance of the further discovery sought by Live Nation is speculative and that the burden of providing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Accordingly, the Court DENIES Live Nation's request to compel compliance with the deposition and document subpoena to McNamee.

### 3. Beatles, Woodstock, and Van Halen Discovery

Artists seek to compel the production of documents from Live Nation regarding licenses and merchandise deals related to the artwork and logos of the Beatles, Woodstock, and Van Halen. Dkt. No. 81. The Court DENIES Artists' request to compel the Beatles discovery on the basis that the requests are not reasonably calculated to lead to the

1  discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), and that the burden of producing
2  this discovery outweighs its likely benefit, Fed. R. Civ. P. 26(b)(2)(C).

3        The Court further finds that documents related to Woodstock and Van Halen could be
4  relevant or reasonably calculated to lead to the discovery of admissible evidence, and that
5  Live Nation's objections based on confidentiality and privacy are adequately addressed by
6  the protective order in this case.  However, the parties must meet and confer further about
7  the appropriate scope of this discovery.  By June 2, 2014, the parties must file either a
8  stipulation identifying what discovery has been agreed upon, or separate, detailed proposed
9  orders setting forth each side's proposal as to the appropriate scope of discovery on this
10 subject.  Any objections by Woodstock and Van Halen must be filed by June 2, 2014.

11       Any party may object to this non-dispositive discovery order within 14 days under
12 Federal Rule of Civil Procedure 72(a).

13       IT IS SO ORDERED.
14       Date: May 29, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge